United States District Court
District of Massachusetts

```
                                    )
Milton Jones,                       )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     Civil Action No.
                                    )     25-13084-NMG
City of Boston, et al.,             )
                                    )
          Defendants.               )
                                    )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is a motion of plaintiff Milton Jones ("Jones" or "plaintiff") for court approval of service (Docket No. 29). For the reasons that follow, that motion will be allowed, in part, and denied, in part.

I.    Background

This case arises from the alleged misconduct in the 1970s of three now-deceased detectives in the Boston Police Department ("BPD"). The three officers, Louis McConkey, Peter O'Malley and John J. Daley (collectively, "the officer defendants") purportedly framed plaintiff for robbery and murder, causing him to be convicted of those crimes. Jones' conviction was vacated after 15 years of incarceration and he brings the present action against the officer defendants as well as the City of Boston ("the City").

-1-

Plaintiff first served the City on October 27, 2025 (Docket No. 11), and the City filed a motion to dismiss the case against it on December 15, 2025 (Docket No. 17).  Plaintiff served the City again on December 22, 2025, under the impression that, because the officer defendants had died, state indemnification statutes designated the City as their proper representative for these claims (Dockets Nos. 23, 24 and 25).  The City did not respond to that service of process.  Plaintiff now moves for approval of his service of process and to direct the City to answer the complaint on behalf of the officer defendants.  The City opposes the motion.

## II.  Motion for Court Approval of Service

### A. Legal Standard

Service upon a municipality must conform with the Federal Rules of Civil Procedure as well as state law governing service. Fed.R.Civ.P. 4(j).  In Massachusetts, such service may be effected by delivery of a copy of the summons and complaint to the City Clerk within 90 days of the filing of the action. Mass.R.Civ.P. 4(d)(4).  Plaintiff may prove service to the court via the server's affidavit. Fed.R.Civ.P. 4(l)(1).  Upon the receipt of a valid summons, a defendant must respond to a complaint against it by filing an answer or an appropriate motion. Fed.R.Civ.P. 4(a)-(c) and 12(a).

Even if a defendant believes a claim against it is frivolous or otherwise does not require a response, it must express that belief by the filing of a pleading in the court. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) (finding failure to respond to a complaint to be a concession of the complaint's factual allegations). Otherwise, a party's failure to defend itself may result in a ruling of default judgment against it. Cotter v. Bos. Builders, Inc., No. CV 25-12037-NMG, 2026 WL 765420, at *1 (D. Mass. Mar. 16, 2026).

## B. Application

Plaintiff served the City Clerk with a copy of the summons and complaint, confirmed by affidavit, on December 17, 2025, 57 days after the filing of the complaint. According to the complaint, the City is required to indemnify the officer defendants and is therefore the proper party upon which to serve it. The City responds that, based upon its interpretation of state law and the collective bargaining agreement ("CBA") between itself and the BPD, it is not required to indemnify the officer defendants and therefore need not respond to the complaint.

With respect to its abstinence from action, the City is mistaken. Plaintiff served the City on behalf of the officer defendants in accordance with state and federal law and the City is therefore obliged to respond. Any argument that it is not

-3-

required to represent or indemnify the officer defendants should have been raised in a responsive pleading.  Rather than move for default judgment, plaintiff instead requests that the City be directed to respond.  That is an appropriate request under the circumstances.

### ORDER

For the forgoing reasons, plaintiff's motion (Docket No. 29), to the extent that it seeks approval of the process by which the City was served, is **ALLOWED**, but, to the extent it seeks an order directing the City to indemnify the officer defendants, is **DENIED** without prejudice.  The City is hereby directed to file a responsive pleading within 14 days of the date of this Order.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: April 16, 2026

-4-