**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **Milton Jones,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 25-13084-NMG** |
| **City of Boston,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

The pending motion is in response to an Order dated June 22, 2026, (Docket No. 40, "the Order") in which this Court allowed, in part, and denied, in part, two motions to dismiss of defendant City of Boston ("defendant" or "the City"). Defendant seeks both clarification and reconsideration of that Order. The Court will clarify the Order as necessary and allow the motion for reconsideration for the following reasons.

## I. Background

This case arises from claims against the Boston Police Department for misconduct that occurred more than 50 years ago in 1975. In October, 2025, the plaintiff, Milton Jones ("Jones" or "plaintiff"), the victim of the misconduct, filed this action against the City and individual police officers Peter O'Malley,

Louis McConkey and John J. Daley ("the officer defendants"). Because the officer defendants were long since deceased, Jones served the City as their agents pursuant to M.G.L. ch. 190b, §3-803 ("Section 803"). Under Section 803, a plaintiff may bring a personal injury suit against a decedent more than one year after death with the proviso that any judgment is to be paid from a "policy of liability bond or liability insurance." If no personal representative has been appointed, service of process may be made upon the entity providing the insurance or bond. Jones alleges that the City provided the officer defendants with a liability bond that would pay any judgment resulting from the subject claims.

The City filed a motion to dismiss the claims against itself (Counts III, IX and X) under Fed.R.Civ.P. 12(b)(6). This Court allowed that motion with respect to Count IX (negligent hiring, training and supervision) and Count X (respondeat superior) but denied the motion with respect to Count III (municipal liability under 42 U.S.C. §1983). The City also filed a motion to dismiss all other Counts against the officer defendants under Rules 12(b)(2) and 12(b)(5), alleging that Section 803 does not require the City to accept service or defend those claims on behalf of the officer defendants. The Court found that liability under that statute was at least

plausible based on the record at the time and denied that motion.

In July, 2026, the City moved for 1) clarification of the Order with respect to the motion to dismiss under Rule 12(b)(6) and 2) reconsideration of the Order with respect to the motion to dismiss under Rules 12(b)(2) and 12(b)(5). Jones does not object to the request for clarification but opposes the motion for reconsideration.

## II. **Motion for Clarification**

Defendant seeks to clarify whether Counts V and VII of the complaint should be dismissed in conjunction with the dismissal of Count IX. Counts V and VII allege negligence and negligent infliction of emotional distress against the individual officer defendants.

In the Order, the Court found that Counts V and VII failed for lack of presentment insofar as they were incorporated against the City through Count X (respondeat superior). It did not, however, rule that the claims themselves, as raised against the officer defendants, were dismissed. The City argues that claims of negligence and negligent infliction of emotional distress cannot be raised against municipal employees and therefore should be dismissed.

The Court clarifies that the Order did not dismiss Counts V and VII as pled against the individual officers because the City only moved to dismiss the complaint as it was pled against itself. In dismissing Count X, the Court indicated that Counts V and VII could not be raised against the City on a theory of respondeat superior but did not address the question of whether those claims could be raised against the individual officer defendants. That argument must be addressed by the representative of the individual defendants, a role which the City has vigorously declined to assume, and, for the following reasons, need not do so going forward.

## III. Motion for Reconsideration

Next, the City moves the Court to reconsider its ruling with respect to indemnification under Section 803. In response to the original motion to dismiss under Rules 12(b)(2) and 12(b)(5), plaintiff argued that he could not know for sure whether the officer defendants were indemnified under the Collective Bargaining Agreement ("CBA") between the police union and the City. The Court agreed with the plaintiff and denied the motion to dismiss on the grounds that neither party had presented the Court with evidence that the CBA did or did not include indemnifying language under Section 803.

**A. Legal Standard**

Plaintiff contends that a motion for reconsideration of an interlocutory order is governed by the standard reconsideration framework. He cites a previous order of this Court indicating that reconsideration of an interlocutory order requires the moving party to show 1) newly discovered evidence, 2) an intervening change in law or 3) that the prior order suffers from a manifest error of law or is clearly unjust which, in turn, cited Mazza v. City of Bos., 780 F. Supp. 3d 325, 330 (D. Mass. 2025). In that case, however, this Court also acknowledged that district courts retain an inherent power to amend prior interlocutory orders at any time. See id. at 229. Moreover, the First Circuit Court of Appeals has found that district courts possess such authority to reconsider their own rulings even in the absence of new evidence or intervening law. Geffon v. Micrion Corp., 249 F.3d 29, 38 (1st Cir. 2001) ("The district court has discretion to reconsider previous rulings").

In this case, the Court declines to follow the restrictions authorized in Mazza and will, instead, exercise its inherent discretion under Geffon to reconsider its previous Order. As the City points out in its motion, the prior Order was premised upon the lack of CBA documentation in the record. The City addresses that deficiency by supplying the Court with all

revisions of the CBA from 1975 to the present. This documentation is crucial to Jones' claims regarding indemnification and will therefore be considered along with the parties' original substantive arguments. See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (holding that courts may consider documents key to plaintiff's claim under a Rule 12(b)(6) motion to dismiss).[1]

**B. Analysis**

Under Section 803, a plaintiff may bring a personal injury suit against a decedent more than one year after death so long as any judgment to be obtained is paid from a "policy of liability bond or liability insurance." If no personal representative has been appointed, service of process may be made upon the entity providing the insurance or bond. Id.

In this case, Jones first alleges that the City may have incorporated M.G.L. c. 258, §13 ("Section 13") into the CBA and, because Courts in this district have determined that such incorporation is considered a "policy of liability bond" under Section 803, he asserts that the City must accept service on behalf of the deceased officer defendants. See Rosario v. Waterhouse, No. 1:19-CV-10532-LTS, 2019 WL 4765082, at *3-4 (D. Mass. Sept. 27, 2019) (finding that indemnification under

[1] Although Jones notes that the subject documents have not been authenticated, he provides the Court with no reason to doubt their authenticity.

Section 13 satisfies the requirements of Section 803). The City originally moved to dismiss that claim on the grounds that the CBA incorporates M.G.L. c. 258, §9 ("Section 9"), rather than Section 13, and therefore it need not indemnify the officers for the claims in this case. Because neither party submitted the CBA along with their memoranda, the Court found that the existence of a policy of liability bond was at least plausible and denied that motion to dismiss.

Upon review of the CBAs submitted by the City, the Court now concludes that it is implausible that the operative CBA between the City and the officer defendants incorporated Section 13 indemnification. On July 1, 1993, the following language was added to the CBA:

> [t]he City will represent and indemnify bargaining unit members to the extent permitted by M.G.L. c. 258, Section 9.

Exhibit 9, Detectives MOA 1993-1996, at p. 8. That language remained unchanged in all subsequent editions of the CBA. The Court therefore concludes that indemnification, if any, is governed by Section 9 rather than Section 13.[2]

That determination is conclusive because, as this Court has previously decided, Section 9 does not require the City to

---

[2] The parties dispute whether the controlling CBA contains any indemnification language at all but the Court assumes, arguendo, that the 1993 indemnification language applies in this case.

indemnify the officer defendants and therefore does not act as a policy of liability bond or liability insurance under Section 803. Mazza v. City of Bos., 753 F. Supp. 3d 88, 97 (D. Mass. 2024). The City therefore need not accept service on behalf of the officer defendants nor defend this lawsuit on their behalf.

**Order**

For the forgoing reasons, the motion of defendant, City of Boston, for clarification and reconsideration (Docket No. 43) is **ALLOWED**, and, upon reconsideration, the Court concludes that the City of Boston need not accept service on behalf of, nor defend any claims against, the individual officer defendants Peter O'Malley, Louis McConkey or John J. Daley.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 22, 2026